**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MARY W. COLON, Trustee,**

    **Plaintiff,**

**vs.**                                   **Case No. 4:12cv101-MCR/CAS**

**DARRYL STRAWBERRY, STERLING
METS, L.P. a/k/a THE NEW YORK
METS BASEBALL CLUB, and
INTERNAL REVENUE SERVICE,**

    **Defendants.**
_____/

**STERLING METS, L.P.,**

    **Counter-Plaintiff,**

**vs.**

**MARY W. COLON,**

    **Counter-Defendant, and**

**DARRYL STRAWBERRY and
INTERNAL REVENUE SERVICE,**

    **Cross-Defendants, and**

**CHARISSE ANN STRAWBERRY
and STATE OF MISSOURI,**

    **Third-Party Defendants.**
_____/

**UNITED STATES OF AMERICA,**

      **Counter-Plaintiff,**

**vs.**

**STERLING METS, L.P.,**

      **Counter-Defendant and**

**MARY W. COLON,**
**DARRYL STRAWBERRY,**
**CHARISSE ANN STRAWBERRY, and**
**STATE OF MISSOURI,**

      **Cross-Defendants.**

_____/


## <u>SECOND REPORT AND RECOMMENDATION</u>[1]

      This case has been referred by Chief United States District Judge Casey

Rodgers for consideration of the motion for partial summary judgment, doc. 33, filed by

the Internal Revenue Service ("IRS"), which is supported by a separate statement of

facts, doc. 34, as required by N.D. Fla. Loc. R. 56.1.  The IRS seeks a determination

"that federal tax liens for Darryl Strawberry's 1989 and 1990 federal income tax liabilities

have first priority against Darryl Strawberry's interest in his deferred compensation

agreement with Sterling Mets, L.P."  Doc. 33 at 2.  The basis for seeking this

determination is that Plaintiff, the trustee of Charisse Ann Strawberry's bankruptcy

---

      [1] A report and recommendation, doc. 41, is pending which recommends granting the motions for default judgment filed by the United States Internal Revenue Service against Darryl Strawberry for his 2003 and 2004 income tax debts in the amount of $80,206.61, with interest, doc. 35, and against Charisse Ann Strawberry and the State of Missouri to extinguish their claims against Mr. Strawberry's deferred compensation, doc. 36.

Case No. 4:12cv101-MCR/CAS

estate,[2] has asserted a claim to Darryl Strawberry's deferred compensation pursuant to a 2006 divorce settlement. *Id.* at 1-2. Furthermore, Sterling Mets, L.P. ("Mets") has asserted "a claim for attorney fees against the deferred compensation in its capacity as an interpleader stakeholder." *Id.* at 3.

The Mets filed a limited response to the motion for partial summary judgment, doc. 38, and a limited response to the statement of facts, doc. 37. The Mets do not, however, oppose the IRS's motion for partial summary judgment. Doc. 37 at 2; doc. 38 at 3. No other opposition to the motion has been filed. Thus, because the motion is unopposed and credible evidence has been presented to support the motion, it is recommended that the IRS's motion for partial summary judgment, doc. 33, be granted.

**Standard of Review**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The motion should be denied if there is a fact issue as to any defense raised. United States v. Carter, 906 F.2d 1375, 1377 (9th Cir. 1990) (citing § 2734). An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129

---

[2] The IRS's motion, doc. 2, to withdraw the adversary proceeding from the bankruptcy case was granted on May 18, 2012. Doc. 8.

S.Ct. 2658, 2677 (2009).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  Matsushita Elec. Industrial Co., 475 U.S. at 587 (internal quotation marks omitted), *quoted in* Ricci v. DeStefano, 129 S.Ct. at 2677.  The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986).

**The relevant Rule 56(e) evidence**

The basis facts of this case are not disputed.  Darryl Strawberry ("Strawberry") was a Major League Baseball player and in March 1985, he entered into an employment contract which included a deferred compensation provision[3] to pay Strawberry monthly installments for 30 years following his retirement.  Doc. 34 at 2.  Strawberry retired from Major League Baseball after the 1999 season and was "entitled to payments of $8,800 per month" from the Mets.[4]  Doc. 2 at 3.  Strawberry was married to his second wife, Charisse Ann Strawberry, in December 1993, but they divorced in April 2006.  Doc. 34 at 2, 5.

Summarized briefly, Strawberry entered into a plea agreement in February 1995 in which he would plead guilty to one count of tax evasion relating to the tax years 1986

---

[3] The deferred compensation at issue "is for Strawberry's services during the years 1985 through 1990."  Doc. 34 at 2.

[4] The monthly payments are "free of any claim" from Strawberry's first wife, Lisa Strawberry.  Doc. 2 at 3.  Strawberry and Lisa were divorced on October 15, 1993, and she "obtained a half interest in" his deferred compensation account.  Doc. 34 at 2.

through 1990. Doc. 34 at 3. On April 30, 1999, the IRS made assessments of 1986-1990 income taxes, civil fraud penalties, and interest against Strawberry and, as a result, federal tax liens attached to all property and rights to property belonging to Strawberry pursuant to 26 U.S.C. § 6321, § 6322. *Id.* Subsequently, notices of federal tax liens were filed against Strawberry concerning his "unpaid income tax liabilities for 1986 through 1990." Doc. 34 at 4. The first such notice was filed on December 2, 1999, with subsequent amended and renewal notices being filed in 2000, 2001, and 2002. *Id.* "On October 2, 2000, the IRS served a notice of levy[5] on the Mets to seize all present and future payments due to Darryl Strawberry under his deferred compensation agreement." *Id.* at 5. The Mets made a lump sum payment to the IRS pursuant to the levy in November 2004, and subsequent monthly payments have been made since then. *Id.*

As part of Darryl and Charisse Ann Strawberry's 2006 divorce, they entered into a stipulated property settlement agreement "that was formalized as a consent judgment." Doc. 34 at 5. That judgment "purports to grant a portion of each monthly deferred compensation payment to Charisse Ann Strawberry free of the federal tax liens that already encumbered all of Darryl Strawberry's property and rights to property." *Id.* "The IRS was never joined in that litigation and is not bound by the Strawberrys' consent judgment." *Id.* In February 2008, judgment was entered "in favor of the United States and against Darryl Strawberry in the amount of $438,218.01, representing his

---

[5] That notice attaches solely to amounts owed to Strawberry and "not to any spousal interest belonging to Lisa Strawberry (his first ex-wife)." Doc. 34 at 5. Further, the notice "specifies that it is a continuing levy and attaches to Darryl Strawberry's rights to future payments." *Id.*

unpaid income taxes (including additions to the tax) for the 1989 and 1990 tax years."

Doc. 34 at 5-6.

The limited response to the statement of facts filed by the Mets seeks only to

clarify that although the stipulated property settlement agreement between Darryl and

Charisse Strawberry sought to assign a portion of Darryl Strawberry's monthly deferred

compensation payment to Charisse Strawberry, the Mets assert that pursuant to the

terms of the Uniform Player Contract, such payments are "not assignable and any

alleged assignment which was a part of the Consent Judgment was null and void."  Doc.

37 at 3.

**Analysis**

There are two issues that the IRS seeks to determine in the motion for partial

summary judgment.  Doc. 33.  The first issue concern's the asserted claim by Plaintiff

(trustee Mary W. Colon), that Charisse Strawberry's bankruptcy estate has an interest in

Darryl Strawberry's deferred compensation pursuant to the 2006 divorce.  There is no

need to determine whether the asserted interest is enforceable in light of the Mets

assertion that Strawberry's deferred compensation plan rights were not assignable

because the IRS's claim is superior.

The IRS's claim takes priority over Charisse Strawberry's interest in the property

because the liens arose when taxes were assessed in 1999 and were "first in time"

before Charisse Strawberry's interest arose in 2006.  Pursuant to 26 U.S.C. § 6321,

whenever a person neglects or refuses to pay any tax after demand is made, "the

amount (including any interest, additional amount, addition to tax, or assessable

penalty, together with any costs that may accrue in addition thereto) shall be a lien in

favor of the United States upon all property and rights to property, whether real or

personal, belonging to such person."  Furthermore, a § 6321 lien arises "at the time the

assessment is made and shall continue until the liability for the amount so assessed . . .

is satisfied or becomes unenforceable by reason of lapse of time."  26 U.S.C. § 6322.

In this case, the liens against Darryl Strawberry arose when assessed on April 30, 1999.

The liens then became valid and took priority when the notice of federal tax liens was

first filed on December 2, 1999, and when the amended and renewal notices were filed

in 2000, 2001, and 2002.

It has long been held that because "[f]ederal tax liens do not automatically have

priority," the issue of priority "is governed by the common-law principle that 'the first in

time is the first in right.' "  United States By and Through I.R.S. v. McDermott, 507 U.S.

447, 449, 113 S.Ct. 1526, 1528 (1993), *citing* United States v. New Britain, 347 U.S. 81,

85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954).  The Court established a bright line rule that

a lien is "first in time" when it has been "perfected" or, stated more clearing, when the

notice of the federal tax lien is filed pursuant to 26 U.S.C. § 6323(a).  McDermott, 507

U.S. at 453-54, 113 S.Ct. at 1530; *see also* United States v. DuBarry, No. 3:09cv505-

MCR/MD, 2011 WL 1321686, at *5 (N.D. Fla. Mar. 4, 2011).  Here, the IRS has a

superior lien because it was filed in 1999, prior to any claim arising by either the Mets or

Charisse Ann Strawberry concerning the deferred compensation plan and the motion for

partial summary judgment, doc. 33, should be granted.

As for the second issue which must be determined, the Mets seek

reimbursement of reasonable attorneys' fees and costs prior to satisfaction of the tax

liens in its capacity as an interpleader stakeholder.  *See* doc. 33 at 3; doc. 38 at 2-3.  To

the degree the Mets have a claim for attorneys fees, that claim is foreclosed by well established law.  Central Bank of Tampa v. United States, 838 F.Supp. 564, 566 (M.D. Fla. 1993) (denying a request for attorneys fees and costs, stating "[t]he law is well settled that the stakeholder of the funds in an interpleader action is not entitled to attorneys' fees, if those fees would be payable out of the fund that is subject to a federal tax lien.").

        In Cable Atlanta, Inc. v. Project, Inc., 749 F.2d 626, 626 (11th Cir. 1984), the Eleventh Circuit joined with the Eighth and Tenth Circuits in holding that a stakeholder is not entitled to an award of fees against the Government under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(b).  "The rationale of this decision is that the provisions of the Internal Revenue Code which establish the lien, 26 U.S.C.A. §§ 6321, 6322, prohibit an award of attorney's fees when the effect of such award would diminish the amount recovered by the United States under its prior tax lien."  Cable Atlanta, 749 F.2d at 627.  The Mets do not oppose the motion for partial summary judgment on this point, but maintain that "[o]nce the Tax Liens are satisfied, then the Mets are entitled to recover reasonable attorneys' fees and costs from any surplus funds."  Doc. 38 at 3. Thus, the Mets request "that any granting of the Motion be made without prejudice to the Mets' right to seek reasonable attorneys' fees and costs to the extent any surplus funds are available after satisfaction of the IRS's Tax Liens."  Doc. 38 at 3.  That request is reasonable and does not prevent granting the motion for partial summary judgment.  It is recommended that the IRS's motion for partial summary judgment, doc. 33, be granted.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for partial summary judgment, doc. 33, be **GRANTED** as the federal tax liens for Darryl Strawberry's 1989 and 1990 federal income tax liabilities have a first priority claim against Strawberry's interest in the deferred compensation agreement between Strawberry and Sterling Mets, L.P., but finding that such priority does not extinguish the Mets' right to seek reasonable attorneys' fees and costs should any surplus funds be available after satisfaction of the IRS's tax lien.

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2013.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.