IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARY W. COLON, Trustee,

    Plaintiff,

vs.                                      Case No. 4:12cv101-MCR/CAS

DARRYL STRAWBERRY, et al.,

    Defendants.
                                          /

## REPORT AND RECOMMENDATION

This case was referred by Chief United States District Judge Casey Rodgers for a status conference and to establish a time line for resolution of the remaining issues.[1] Doc. 56. Three issues remain outstanding: (1) the sale of Darryl Strawberry's deferred compensation, (2) distribution of the proceeds from the sale, and (3) the amount of attorney fees which should be awarded to the Mets. Doc. 55. Sterling Mets, L.P. [the "Mets"] filed a renewed motion for attorney fees and costs on April 23, 2014. Doc. 62.[2] The Mets seek fees of $83,911.50 and costs of $5,225.15. *Id.* The United States filed a

---

[1] Previously, the motion for partial summary judgment, doc. 33, filed by the Internal Revenue Service ("IRS"), was granted, doc. 47, and a default judgment was entered in favor of the United States of America. Docs. 53, 54.

[2] This Court previously ruled that the federal tax liens for Darryl Strawberry's 1989 and 1990 federal income tax liabilities have first priority, "but such priority does not extinguish the Mets' right to seek reasonable attorneys' fees and costs should any surplus funds be available after satisfaction of the IRS's tax lien." Docs. 45, 47.

response titled, "Opposition By United States to Sterling Mets, L.P.'s Motion for Attorneys' Fees and Costs," doc. 63, on May 7, 2014. Doc. 63. The response contends that Sterling Mets is not entitled to any attorney fees and costs, doc. 63 at 8, that the request includes activities unrelated to an interpleader which should not be compensable, *Id.* at 13, and the fee is excessive. *Id.* at 14. Thereafter, the Mets filed a reply which deems the opposition filed by the United States to be a "counteroffer" pursuant to the procedures of N.D. Fla. Loc. R. 54.1(E)(4) and which accepts a counteroffer in the amount of $75,833.00 and costs of $5,225.15. Doc. 66. In the alternative, the Mets request that its motion for attorneys' fees be considered unopposed and overrule any objections. *Id.* As noted in the prior Order, doc. 67, the issue of attorneys fees must be deferred until sale of the property and a determination that surplus funds exist after satisfaction of the tax lien.

A motion has been filed by the United States for entry of Order of Sale. Doc. 68. The motion and proposed order has been agreed upon by the Trustee, the United States, and the Mets. The Mets separately filed a notice of non-opposition to the motion. Doc. 69. The motion for entry of Order of Sale should be **Granted** and the parties required to file an updated Status Report on or before **September 17, 2014.**

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the unopposed motion for entry of Order of Sale, doc. 68, be **GRANTED,** that the parties be required to file an updated Status Report on or before **September 17, 2014,** the case be **REMANDED** for further proceedings concerning the amount of attorney fees owed, and the Order of Sale following this Recommendation be entered.

Case No. 4:12cv101-MCR/CAS

**IN CHAMBERS** at Tallahassee, Florida, on July 30, 2014.


    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**


### ORDER OF SALE

Accordingly, it is **ORDERED:**

1. The parties shall file a Status Report by **September 17, 2014**.

2. Ruling on the request by Sterling Mets, L.P. for attorneys' fees, doc. 62, remains **DEFERRED**.

3. The motion for entry of order of sale, doc. 68, is **GRANTED**.

4. Darryl Strawberry is indebted to the United States for 1989, 1990, 2003, and 2004 federal income tax liabilities.

5. The United States has valid and subsisting federal tax liens against all property and rights to property belonging to Darryl Strawberry, including Darryl Strawberry's right to receive monthly payments under the Darryl Strawberry Deferred Compensation Agreement, Addendum III to Uniform Player's Contract Dated March 12, 1985, executed on March 12, 1985, by Darryl Strawberry and Doubleday Sports, Inc. (predecessor in interest to Sterling

Mets, L.P.) (the "deferred compensation agreement"). A copy of the deferred compensation agreement is appended to this order as Appendix 1, and a copy of a schedule of the payments due under the deferred compensation agreement is appended as Appendix 2.

6. Federal tax liens encumber Darryl Strawberry's right to receive payments under the deferred compensation agreement.

7. The federal tax liens have been foreclosed against Darryl Strawberry's right to receive payments under the deferred compensation agreement and that right is ordered sold pursuant to Title 28, United States Code, § 2004.

8. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer Darryl Strawberry's right to receive payments under the deferred compensation agreement for public sale and to sell that right.

9. The terms and conditions of the sale of Darryl Strawberry's right to receive payments under the deferred compensation agreement are as follows:

   a. The sale of Darryl Strawberry's right to receive payments under the deferred compensation agreement shall be free and clear of the interests of all parties to this action. Accordingly, and notwithstanding the reservation of rights referenced in paragraph 11, all liens or other claims, of any kind, against the future ongoing stream of monthly deferred compensation payments will be extinguished, with the exception of the forthcoming monthly payments to the purchaser.

   b. The sale shall be held on-site at a location to be determined by PALS, and PALS shall also permit mail-in bids;

c. The PALS shall announce to the public, and the United States shall provide specific notice to Sterling Mets, L.P., Mary Colon, Trustee, through counsel, and Darryl Strawberry, of the date and time for the sale;

d. The minimum bid for the sale shall be $550,000. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, under the terms and conditions in this Order of Sale, hold a new public sale of Darryl Strawberry's right to receive payments under the deferred compensation agreement, and may reduce the minimum bid.

e. Notwithstanding the order of the bankruptcy court sealing the deferred compensation agreement between Darryl Strawberry and Doubleday Sports, Inc. (predecessor in interest to Sterling Mets, L.P.), PALS may disclose the contents of the deferred compensation agreement to potential bidders in whatever manner PALS deems appropriate or necessary to market the property and facilitate its sale.

f. A deposit with PALS in an amount of twenty (20) percent of the bid is required with the acceptance by PALS of the high bid.; the deposit will be in the form of a certified or cashier's check payable to the Clerk of the United States District Court for the Northern District of Florida.  PALS shall promptly deliver the deposit to the Clerk of this Court for deposit into the Court's registry.

g. The successful bidder(s) shall pay to PALS the balance of the purchase price for the right to receive payments under the deferred compensation agreement within sixty (60) days following the date of the sale, by a certified or cashier's check payable to the Clerk of the United States District Court for the Northem District of Florida, and PALS shall promptly deliver the final payment to the Clerk of this Court.  If the bidder fails to fulfill

this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Darryl Strawberry at issue herein.  In that event, the Clerk shall distribute the deposit as directed by the United States.  Darryl Strawberry's right to receive payments under the deferred compensation agreement shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder.

      h. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further order of this Court.

      i. The sale of Darryl Strawberry's right to receive payments under the deferred compensation agreement shall be subject to confirmation by this Court.  On confirmation of the sale, the PALS shall execute and deliver to the purchaser its assignment conveying the right to receive the monthly payments under the deferred compensation agreement. On confirmation of the sale, all interests in, liens against, or claims to the payments under the deferred compensation agreement are discharged and extinguished except for the Purchaser's right to on-going payments thereunder (i.e., the monthly payments reflected in Appendix 2 for the months remaining in the 360-month period that commenced January 2004).  Any claims or liens by the United States, Sterling Mets, L.P., or Mary W. Colon, Trustee shall attach to the sale proceeds.

      j. The sale of the Property is ordered pursuant to 28 U.S.C. § 2004, and is made without right of redemption.

   10.  Pending the sale of Darryl Strawberry's right to receive payments under the deferred compensation agreement, and until the assignment of that right is delivered to the successful bidder, Sterling Mets, LP, shall continue to direct the monthly payments under

the deferred compensation agreement directly to the Department of Justice for application to Darryl Strawberry's 1989 and 1990 federal income tax liabilities.  Within thirty days following confirmation of the sale, the successful bidder shall provide to counsel for Sterling Mets, L.P., the name of the payee and information sufficient to allow Sterling Mets, L.P., to direct payment to the payee.

11.  After the Court confirms the sale of the property, the sale proceeds shall be distributed pursuant to further order of the Court.  All parties to this action reserve all rights with respect to claims of priority and entitlement as to the sale proceeds from the deferred compensation agreement without prejudice to any party's legal claims or defense, all of which are expressly reserved.

12.  The United States is directed to serve a copy of this order on Darryl Strawberry as well as subsequent notice of the sale.  Failure of Darryl Strawberry to object to the procedures set forth in this Order within ten days of service will constitute waiver of any such objection.

13.  The Clerk of Court shall refer this file to the assigned Magistrate Judge upon receipt of the updated Status Report or no later than September 17, 2014.

**DONE AND ORDERED** on _____, 2014.

_____
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**